**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EDWARD CONWAY,<br>    Plaintiff,<br><br>v.<br><br>ROBERT BOSH TOOL<br>CORPORATION, JOHN DOE 1 and<br>JOHN DOE 2,<br>    Defendants. | C.A. No. 1:17-CV-00572-JJM-PAS |

**REPLY IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now comes Plaintiff, Edward Conway, by and through undersigned counsel, and hereby files this Reply in Support of his Motion for Partial Reconsideration of Order Granting Defendant's Motion for Summary Judgment (ECF 21). Pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure, the Plaintiff hereby requests that the Court alter and amend its May 8, 2019 Judgment (ECF 22) to deny the Defendant's Motion for Summary Judgment (ECF 13) as to the Plaintiff's design defect and failure to warn theories supporting Count I for Strict Liability and Count III for Negligence. In its June 19, 2019 Opposition to Plaintiff's Motion for Partial Reconsideration of Order Granting Defendant's Motion for Summary Judgment (ECF 29), the Defendant failed to note the Court's "substantial discretion" under Rule 59 to permit an unsuccessful party to introduce new material or argue a new theory. Furthermore, in attempting to elude the import of the revised 2017 Manual, the Defendant makes a critical concession—to wit: that the testing for and publication of the 2017 revised warning was feasible prior to the Plaintiff's injury. Lastly, the Defendant's argument regarding causation for the failure to warn theory ignores

1

the heeding presumption as well as the Plaintiff's testimony regarding his reviewing portions of the 2011 Manual.

For these reasons and the arguments set forth in the Plaintiff's June 5, 2019 Motion for Partial Reconsideration of Order Granting Defendant's Motion for Summary Judgment (ECF 26), the Plaintiff respectfully requests that the Court alter and amend its May 8, 2019 judgment (ECF 22) and deny the Defendant's Motion for Summary Judgment as to Plaintiff's design defect and failure to warn theories supporting Count I for Strict Liability and Count III for Negligence.

### A. The Court should exercise its "substantial discretion" under Rule 59 to reconsider its May 8 decision in light of the 2017 Manual.

Under Rule 59 of the Federal Rules of Civil Procedure, the federal courts have great discretion in adjudicating a motion for reconsideration of its decision granting a dispositive motion. "Where, as here, a motion for summary judgment has been granted, 'the district court has substantial discretion in deciding whether to reopen the proceedings in order to allow the unsuccessful party to introduce new material or argue a new theory.'" *Fragoso v. Lopez*, 991 F.2d 878, 888 (1st Cir. 1993) (quoting *Mackin v. City of Boston*, 969 F.2d 1273, 1279 (1st Cir. 1992), *cert. denied*, 506 U.S. 1078 (1993)). The Defendant cites *Fragoso* in its opposition but ignores this sweeping pronouncement as well as the facts which make this case far more appropriate for the exercise of discretion than those of *Fragoso*.

In *Fragoso*, the First Circuit affirmed denial of reconsideration of a decision granting summary judgment and dismissing plaintiff's medical malpractice claim after rejecting her "newly discovered evidence" argument with regards to a sworn affidavit executed by the plaintiff's cousin relaying factual averments regarding activities allegedly occurring five years before the lawsuit was filed. *Fragoso*, 991 F.2d at 888. The First Circuit stated that "appellant offered no excuse for the belated production of her cousin's affidavit; the affidavit itself raised more questions than it

answered; and neither the appellant nor her attorney, obviously the key players in the drama, submitted affidavits explaining what had transpired or why they had allowed it to transpire . . . ." *Id.*

The Defendant further cites to *Newman v. Lehman Brothers Holdings, Inc.*, wherein the plaintiff sought reconsideration of the court's decision dismissing her whistleblower claims based on "newly discovered" benefit statements suggesting that she was an employee of the defendant. *Newman v. Lehman Brothers Holdings, Inc.*, 901 F.3d 19, 28 (1st Cir. 2018). That evidence, however, was in the plaintiff's possession months before the defendant even **sought** dismissal of the plaintiff's second amended complaint. *Id.* at 29.

Here, the Plaintiff did not come into possession of the November 2017 Manual until just before the summary judgment hearing in March of 2019. In discovery, the Plaintiff requested evidence of such warnings as follows:

> **INTERROGATORY NO. 7**
>
> Were there any writings or warning on the product itself, on the packaging, or on anything attached or appended to the product when it left your control? If so, state specifically and fully the exact words used and their location. If a warning was given in other words, attach copies of any and all symbols or depictions used.
>
> **INTERROGATORY NO. 8**
>
> State whether you provided to a distributor, possible user or any firm that you expected to come in contact with this product, any form or written material, such as an owner's manual or any other writing pertaining to the product. If so, attach a copy of such written material; if you do not have a copy, state specifically what was written or depicted.

(Defendant Robert Bosch Tool Corporation's March 27, 2018 Answers to Plaintiff's First Set of Interrogatories attached hereto as Exhibit A). The November 2017 Manual was not produced in response to either Interrogatory.

Next, in July of 2018, the Plaintiff deposed the Defendant's corporate designee, Wojciech Pierga, who was also asked about warnings in manuals:

> MR. MACKIE: And in your catalog, the Bosch manual, do you say that these sticks are not to come in contact with this blade? Do you advise in your books that they're dangerous to come into contact with the blade; is that –
> MS. KNOWLES: Objection.
> MR. PIERGA: What we advise in the manual is methods to execute all reasonable cuts in safe manner, and **nowhere in there we talk about putting the push stick near the blade.**

Pierga Dep. at 49:8-17 (emphasis supplied). This was Defendant's Rule 30(b)(6) testimony despite the fact that, for eight months, the Defendant had a manual on shelves with the following warning:

> **PUSH STICK**
> ⚠ **WARNING** Never contact the spinning saw blade with the **push stick.** Contacting the spinning saw blade with the push stick may result in serious personal injury.
> Only use the push stick when the width of the rip cut is greater than 2". When width of rip is less than 2" the push stick cannot be used because the guard will interfere.

The 2017 Manual also contains descriptive images regarding the connection between the push stick and Safe Guard System which were not shown in the 2011 manual.

The Defendant lays blame for its failure to disclose the revised warning during discovery on the Plaintiff for failing to issue requests for production: "Surely, with a straightforward request for production of documents, Plaintiff could have discovered the 2017 Manual before the close of discovery. But Plaintiff did not propound <u>any</u> document requests." ECF 29 at 6. It remains unclear why document requests would have been successful in discovering the revised manual when the Defendant managed to evade disclosure in its sworn responses to Interrogatories and deposition inquiry regarding such warnings.

4

An opposing party's possession of and failure to produce the subject evidence can justify relief under Rule 59. For example, in *Ope Shipping, Ltd. v. Underwriters of Lloyds*, 100 F.R.D. 428 (S.D.N.Y. Dec. 22, 1983), the federal district court for the Southern District of New York granted the defendant insurer a new trial in a coverage dispute where the plaintiff ship owners failed to disclose evidence regarding one of the insured ship's being used to bombard the Guatemalan shore line. The federal court acknowledged that the insurer may have had reason to know of the excluded use but emphasized that "[d]efendants claim, and plaintiffs do not deny, that plaintiff produced no *Managua* log books or crew lists during discovery from which the existence or identity of [the ship's captain] could have been learned." *Id.* at 434. "Even if defendants learned of the rumored use of the *Managua* as a gunboat from other sources, knowledge of such use was denied by the person (other than a *Managua* crewman) most likely to know of it." *Id.* "Given the distinct possibility that plaintiffs herein knew of any prior use of the *Managua* as a Somicista gunboat and concealed such use from this Court, a new trial must be ordered on the basis of defendant's newly discovered evidence to prevent the miscarriage of justice." *Id.*

Here, the Plaintiff was left to stumble upon the revised manual while shopping before the March 2018 summary judgment hearing. The Defendant faults the Plaintiff for not issuing document requests; however the 2017 revised Manual fell well within the scope of the Interrogatories and the Plaintiff's inquiries of Mr. Pierga during his deposition and disclosure was not made.

The Defendant further asserts that the Court should not consider the import of the revised warning because Plaintiff "did not seek to supplement the summary judgment record at the hearing or in the six weeks between the hearing and the Court's order granting Bosch's motion for summary judgment." ECF 29 at p. 5. While the Plaintiff does not intend to speculate as to what

this Court may have done had Plaintiff moved to supplement, the Court did instruct the parties that it viewed itself as limited to the record at the time of the hearing:

> MR. MACKIE: Also, as far as the – I made Ms. Knowles aware of the booklet that Mr. Conway faxed – e-mailed actually this morning, but faxed to me. I showed her the pertinent sections of that. I don't have the rest of it because he just sent those two pages.
> THE COURT: It's pretty clear to me, Mr. Mackie, as of now, that's not anything I can consider –
> MR. MACKIE: I understand, Your Honor.
> THE COURT: -- I can only consider the record that's before me.

March 28, 2019 TR at 36:23-37:9.

### B. Admissibility of the 2017 Manual.

The Defendant next contends that the 2017 Manual should not be considered because it is inadmissible hearsay and the Plaintiff cannot satisfy Federal Rule 407. ECF 29 at p. 7. As to hearsay, certainly, at trial, the Defendant's 2017 product manual would fall within the hearsay exceptions for statements by a party opponent under Rule 801(d)(2) and records of regularly conducted business activity under Rule 803(6).

With respect to Federal Rule 407, the Defendant asserts that the exception to the Rule does not apply because the Plaintiff "cites to no record evidence of Bosch's purported contentions" challenging "the feasibility of testing or warning about contact between the push stick and the saw blade. ECF 29 at p. 8. The Defendant asserts that it has never contested feasibility. Yet, the Defendant's former safety director and expert witness, testified as follows:

> MR. MACKIE: Mr. Conway – I mean, Mr. Domeny, I think we're either on the wrong path here, or I'm not understanding you.
> I'm not asking you if you introduced the push stick into the blade in the fashion as you would be introducing a piece of wood.
> I'm asking you if you tested what happens when this blade makes contact – when this push stick makes contact with that blade in an unexpected way, whether the man was pushed by somebody, and it went into the blade, or he mistakenly did what Mr. Conway did.

6

>       Did you do any tests that showed what happens to the stick if it's not introduced in a slow and comfortable manner? Did you do that?
> MS. KNOWLES: Objection.
> MR. DOMENY What we have done, and what our duty is, is to test for all reasonably foreseeable situations. And that's the reason why I mentioned that really far outlying situation.
>       What happens when somebody jumps on the top of the spinning saw blade? There are jillions –
> MACKIE: (Inaudible.)
> DOMENY: May I finish, please?
>       **There are jillions of possibilities how unreasonably a product can be treated. You cannot test for all those conditions. There are too many of them, and the variety is too big.**
>       What you are required to do is to test your product under the reasonably foreseeable condition.
>       And the last thing I want to say, whatever material you have, if you're going to be having a – some kind of an object in your hand, whether it's made out of the wood, or plastic, or a piece of steel, or whatever else, if you're swinging it around the saw blade, and you happen to strike a spinning saw blade, bad things are going to happen.

Domeny Dep. 38:13-40:12 (emphasis supplied) (attached hereto as Exhibit B). The record evidence shows that the Defendant's expert was controverting the feasibility of testing for and warning of the types of dangers that befell the Plaintiff. Thus, the 2017 Manual is admissible to establish that such warnings were feasible.

In an attempt to foreclose use of the 2017 Manual under Rule 407, the Defendant stipulates (for the first time) as follows: "In any event, Bosch, through undersigned counsel, stipulates that the push stick warning provided in the 2017 Manual was a feasible measure in 2012 when the subject push stick was manufactured and sold." ECF 29 at p. 8. The Defendant now concedes that the following warning could have been included in the 2011 Manual:

7

> **PUSH STICK**
> **⚠ WARNING** Never contact the spinning saw blade with the push stick. Contacting the spinning saw blade with the push stick may result in serious personal injury.
> Only use the push stick when the width of the rip cut is greater than 2". When width of rip is less than 2" the push stick cannot be used because the guard will interfere.

The Defendant's recent concession that there was a feasible alternative warning comes after this Court, in its decision granting the defendant summary judgment, concluded that "Mr. Conway offers no feasible alternative design that may have been safer . . . ." Doc. No. 21 at p. 7. When feasibility was being challenged by the Defendant's expert, the 2017 Manual was admissible under Rule 407. If the Defendant wishes to avoid that evidentiary reality through its recent concession, that concession warrants reconsideration.

**C. The Heeding Presumption and Causation in Failure to Warn.**

Lastly, the Defendant contends that, even if the 2017 revised Manual was admissible to establish that alternative warnings were available, the Plaintiff's claims could not be spared because the Plaintiff did not read the warnings on the 2011 Manual and, thus, he would not have read and heeded the revised warnings had they been given. ECF 29 at p. 15.

During oral argument on March 28, 2019, the Court inquired of defense counsel as to whether Rhode Island has recognized the "heeding presumption" which establishes that, in failure to warn cases, the warnings (whether adequate or inadequate) will be read and heeded. The First Circuit has recognized the heeding presumption as follows:

> Comment j to Section 402A (2 Restatement of Torts 2d 353) establishes a presumption that an adequate warning, if given will be read and heeded. In such a situation, the presumption established works to the benefit of the manufacturer. However, where no warning is given, or where an inadequate warning is given, a rebuttable presumption arises, beneficial to the plaintiff, that the failure to

8

> adequately warn was a proximate cause of the plaintiff's ingestion of the drug. This presumption, absent the production of rebutting evidence by the defendant, is sufficient to satisfy the first branch of the plaintiff's proximate cause burden.

*Garside v. Osco Drug, Inc.*, 976 F.2d 77, 81 (1st Cir. 1992) (interpreting Massachusetts law) (quoting *Knowlton v. Desert Medical, Inc.*, 930 F.2d 116, 119-120 (1st Cir. 1991)). Undersigned counsel agrees with defense counsel that there are no published Rhode Island decisions which have specifically addressed the "heeding presumption"; however, the Rhode Island Supreme Court has adopted and relied upon Section 402A of the Restatement (Second) of Torts from which the "heeding presumption" emanates. *See, e.g., Ruzzo v. LaRose Enterprises*, 748 A.2d 261, 267 (R.I. 2000).

In addition to the presumption that the Plaintiff would have read and heeded the warning, the Plaintiff testified that he in fact reviewed the 2011 Manual and that, while he did not read the manual "cover to cover", he did review provisions to understand precautions required with using a feather board. Conway Dep. 34:15-35:1; 42:25-43:20 (attached hereto as Exhibit C). The Plaintiff counters that "no reasonable jury could conclude that Plaintiff would have read any additional warnings" because Plaintiff testified that he "did not read any of the warnings or instructions affixed to the saw itself, and [that] it was never his practice to read the manuals provided with the table saws he used." ECF 29 at pp. 14-15. The Plaintiff testified that he looked into the manual and reviewed certain portions related to assembly and certain features but did not read it "cover to cover."  Furthermore, the Plaintiff's testimony should be viewed in the ordinary Rule 56 light most favorable to the non-moving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014). Lastly, the testimony relied upon by the Defendant referred to the 2011 Manual and not the manual with the proper warnings and so the heeding presumption should apply with more force. That testimony about the 2011 Manual, even if viewed in the light most favorable to the

9

moving party, would be insufficient to overcome the heeding presumption with respect to the 2017 revised Manual.

## **CONCLUSION**

For the reasons articulated above and the arguments set forth in the Plaintiff's June 5, 2019 Motion for Partial Reconsideration of Order Granting Defendant's Motion for Summary Judgment (ECF 26), the Plaintiff respectfully requests that the Court alter and amend its May 8, 2019 judgment (ECF 22) and deny the Defendant's Motion for Summary Judgment as to Plaintiff's design defect and failure to warn theories supporting Count I for Strict Liability and Count III for Negligence.

Dated: June 26, 2019                                   **EDWARD CONWAY**

By his Attorneys,

/s/ William M. Dolan III
William M. Dolan III (#4524)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
wdolan@apslaw.com

/s/ Stephen C. Mackie
Stephen C. Mackie (#1202)
Mackie & Reilly
681 Smith Street
Providence, RI 02908
Tel: (401) 521-4100
Fax: (401) 274-5433
Law681@aol.com

## CERTIFICATE OF SERVICE

   I hereby certify that on June 26, 2019 I caused to be served via the Electronic Court Filing System (ECF) a true copy of the within document on counsel of record.  The document has been filed electronically and it is available for viewing and downloading from the ECF system.

                   /s/ William M. Dolan III

960005.v1